UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

|  |  |
|---|---|
| **VALERIE TEETER**, <br><br>Plaintiff, <br><br>vs. <br><br>**FOSTER AND MONROE, LLC,** <br><br>Defendant. | Case No.: 3:21-cv-5157 <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff, Valerie Teeter ("Plaintiff"), is a natural person residing in Kitsap County, Washington.

COMPLAINT
Case No. 3:21-cv-5157

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

1

4. Defendant, Foster and Monroe, LLC ("Defendant"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Using false representations or deceptive practices in connection with collection of a debt, including threatening to report Plaintiff's husband to a bad check reporting system even though he was completely unrelated to the transaction at issue (§ 1692e(10)).

10. Overshadowing the disclosures required by 15 USC 1692g(a), including making threats to report Plaintiff and her husband to a bad check reporting system within the thirty-day dispute period (15 USC 1692g(b)).

11. Falsely representing that Defendant is a law firm (§ 1692e(3)).

12. Threatening to take actions that cannot legally be taken, including threatening to take actions to collect a debt from Plaintiff where Defendant was not licensed to collect debts in Washington State (15 USC 1692e(5)).

13. Failing to notify Plaintiff during each collection contact that the communication was from a debt collector, including failing to do so in an email (§ 1692e(11)).

14. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had

COMPLAINT
Case No. 3:21-cv-5157

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

2

not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

15. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

18. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k;

COMPLAINT  
Case No. 3:21-cv-5157

Trigsted Law Group, P.C.  
5200 SW Meadows Rd, Ste 150  
Lake Oswego, OR 97035  
(888) 247-4126 ext. 1

3

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 4rd day of March, 2021

By: __s/Joshua Trigsted_____
Joshua Trigsted, WSBA#42917
Attorney for Plaintiff

COMPLAINT
Case No. 3:21-cv-5157

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

4